```
FILED
CLERK, U.S. DISTRICT COURT

MAR 14 2013

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| J.P. MORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> MOOYA OLLIE ASSASEPA, et al., <br><br> Defendants. | No. ED CV 13-303-UA (Duty) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

On February 19, 2013, defendant Mooya Ollie Assasepa ("defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis.

Defendant's notice of removal of this state court unlawful detainer action is insufficient to overcome the "strong presumption against removal jurisdiction" and to meet the removing party's burden of "establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see 28 U.S.C. § 1441; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). Defendant seeks removal on the basis of federal question jurisdiction. To establish federal question jurisdiction under 28 U.S.C. § 1331,

a party seeking removal must make it apparent from the face of the complaint either that a federal law creates the plaintiff's cause of action (Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000)), or that "'the right to relief depends upon the construction or application of the Constitution or laws of the United States.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 809 n.5, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (quoting Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577 (1921)). Defendant asserts that plaintiff's "causes of action arise[] under federal law because [they are] predicated on alleged violations of federal statutes and are dependent on the resolution of substantial and disputed federal questions." (Notice at 4). However, plaintiff does not allege any federal cause of action. Nor does it appear that plaintiff's right to relief depends upon the construction or application of the Constitution or any law of the United States. Thus, defendant has not alleged facts establishing the existence of a federal question on the face of the complaint, and plaintiff could not have brought this action in federal court in the first place. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 592-93, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("the sole issue is whether a federal question appears on the face of the plaintiff's well-pleaded complaint") (internal citation omitted). Moreover, to the extent that defendant asserts a federal defense, a case may not be removed to federal court on the basis of a federal defense or a federal counter-claim. See 28 U.S.C. §§ 1331, 1441(c); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-832, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002); Hunter, 582 F.3d at 1042.

Neither has defendant alleged that complete diversity of citizenship exists between the parties, and the complaint does not allege any amount in controversy. Thus, defendant has not satisfied either the complete diversity requirement, or the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a)-(b).

As defendant does not competently allege facts supplying either federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction over the instant action. See 28 U.S.C. § 1441(a); Exxon Mobil Corp., 545 U.S. at 563. Removal of this action is therefore improper. See 28 U.S.C. § 1441(a); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, **IT IS ORDERED** that this matter be **remanded** to the Superior Court of California, Riverside County, Riverside Historic Courthouse, 4050 Main Street, Riverside, CA 92501, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). **IT IS FURTHER ORDERED** that the Clerk of the Court send a certified copy of this Order to the state court and serve copies of this Order on all parties or their counsel.

DATED: 3/8/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE